**Date Signed:**
**October 4, 2024**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 24-00479 |
| | Chapter 13 |
| SAMUEL NOAH KEONI LEVITZ and LARA BORJA LEVITZ, | |
| Debtors. | Related ECF No.: 52 |

## ORDER DENYING EX PARTE MOTION TO VACATE STATE COURT FORECLOSURE JUDGMENT

On September 27, 2024, the debtors filed a motion to "vacate the foreclosure proceedings and rulings entered by the state court in Case No. 1CC141000551, which were conducted in violation of the automatic stay under 11 U.S.C. § 362." ("Motion").[1]

---

[1] ECF No. 52 at 1.

The debtors' premise, that PNC Bank and other parties violated the automatic stay, is false.

During the last year, Mr. Levitz has been the debtor in three chapter 13 cases.

In his first case (Case No. 23-00428), PNC Bank obtained an order granting relief from the automatic stay on November 16, 2023,[2] and the court dismissed the case on January 19, 2024.[3] This case was pending until a final decree was entered on May 3, 2024.[4]

Mr. Levitz filed his second case (Case No. 24-00046) on January 25, 2024, while his first case was still pending. PNC Bank obtained an amended order granting relief from the automatic stay on April 8, 2024.[5] The court dismissed his second chapter 13 case on April 23, 2024, and the case remained pending until a final decree was entered on July 5, 2024.[6]

---

[2] Case No. 23-00428, ECF No. 56.
[3] *Id.*, ECF No. 73.
[4] *Id.*, ECF No. 80.
[5] Case No. 24-00046, ECF No. 53.
[6] *Id.*, ECF No. 60.

Mr. Levitz filed his third case (Case No. 24-00479, the current case), together with his wife, Lara Borja Levitz, on May 22, 2024, while his second case was still pending, and only a few weeks after his first case was closed.

Because Mr. Levitz has filed three cases in rapid succession, there is no automatic stay with respect to Mr. Levitz in this case. "If a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, . . . the [automatic] stay . . . shall not go into effect upon the filing of the later case . . . ." 11 U.S.C. § 329(c)(4)(A)(i).

When Mr. Levitz filed the petition in the instant case on May 22, 2024, his two prior cases were still pending. With these previously dismissed cases still pending within one year, no automatic stay went into effect in Case No. 24-00479 as to Mr. Levitz.[7]

---

[7] There is an automatic stay as to Lara Borja Levitz because this is her first case. But the papers filed by PNC Bank show that Ms. Levitz is not a maker of the note or a mortgagor under the mortgage in favor of PNC Bank, ECF 37-1 at 5-6 in Case No. 24-00046. In addition, taking judicial notice of the public record in Case No. 1CC14-1000551 in eCourt Kokua, the online Hawaii Judiciary Information Management System, Ms. Levitz is not listed as a defendant in the foreclosure action.

Mr. and Mrs. Levitz also argue that PNC Bank is not a legitimate creditor. But the state court held otherwise. If the debtors do not agree with the decisions made by the state court, they should seek recourse in the state court system.

Based on the above, the Motion to vacate the state court foreclosure rulings and related relief is DENIED.

**END OF ORDER**